# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HORTON, an individual; CATHIE L. HORTON, an individual,<br><br>                                              Plaintiffs,<br>   vs.<br><br>CALIFORNIA CREDIT CORP. RETIREMENT PLAN, an entity of unknown form; FORECLOSURE SPECIALISTS, INC., doing business as Zenith Trustee Services, a California Corporation; DOES 1-10, inclusive,<br><br>                                                Defendants. | CASE NO. 09-cv-274 – IEG (NLS)<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br>[Doc. No. 78] |

      This is a mortgage case brought by Plaintiffs Michael and Cathie Horton for alleged violations of the Truth in Lending Act ("TILA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant California Credit Corp. Retirement Plan ("CCCRP") is the only remaining Defendant. On December 7, 2011, the Court issued an order granting in part and denying in part the parties' cross-motions for summary judgment. Specifically, the Court granted Plaintiffs' motion for summary judgment as to: (1) count one of the first cause of action, seeking rescission under TILA; (2) the third cause of action, seeking to quiet title; and (3) the fourth cause of action for violations of the California's unfair competition law. The Court granted Defendant's motion for summary judgment as to: (1) count two of the first cause of action, seeking damages

under TILA; and (2) the second cause of action for violations of the RFDCPA. The Court denied the parties' motions for summary judgment in all other respects. Finally, because the Court determined that Plaintiffs were entitled to a rescission and to quiet title, the Court ordered Defendant to provide the Court with an accounting of the outstanding balance on the loan and Plaintiffs to file any objections. On December 15, 2011, having received the parties' supplemental briefing, the Court set the tender amount at $42,020.53 and ordered Plaintiffs to tender that amount into an escrow account by January 13, 2012. [Doc. No. 77.] The Court also denied Plaintiffs' request to order that the deposited funds remain in the escrow account until after the Court rules upon Plaintiffs' forthcoming motion for award of attorney's fees and costs. [*Id.*]

On January 2, 2012, Plaintiffs filed a motion for reconsideration, contending the Court should reconsider two of the issues determined in the December 7, 2011 and December 15, 2011 orders. Defendant filed a response on January 6, 2012, and Plaintiffs replied on January 9, 2012. Having considered the parties' arguments, the Court **DENIES** the motion for reconsideration.

## LEGAL STANDARD

As a general principle, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

Rule 60(b) provides for reconsideration upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

## DISCUSSION

### I. TILA damages

Plaintiffs first contend the Court should reconsider its determination that Defendant is entitled to summary judgment on count two of the first cause of action, seeking damages under TILA. According to Plaintiffs, the Ninth Circuit's decision in *Semar v. Platte Valley Federal*

1  *Savings & Loan Association*, 791 F.2d 699 (9th Cir. 1986), and the First Circuit's decision in *Belini
2  v. Washington Mutual Bank, FA*, 412 F.3d 17 (1st Cir. 2005), establish that where a creditor
3  contests a consumer's right of rescission, the creditor can still be held liable for wrongfully
4  refusing to rescind when asked to do so by the consumer, even if the rescission was not automatic
5  upon the consumer's mailing of the notice of rescission.

6      Plaintiffs have not shown that a valid reason exists for reconsideration on this ground.  In
7  ruling on this portion of Defendant's motion for summary judgment, the Court relied on the Ninth
8  Circuit's decision in *Yamamoto v. Bank of New York*, cited by Defendant, where the Ninth Circuit
9  held that the borrowers' right to rescission is not automatic upon their mailing of the notice of
10 rescission.  *See* 329 F.3d 1167, 1172 (9th Cir. 2003).  Rather, until the rescission is consented to by
11 the lender or is granted by the Court, "'the borrowers have only advanced a claim seeking
12 rescission.'"  *Id.* (quoting *Large v. Conseco Fin. Serv. Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)).
13 At the time the Court ruled on the parties' cross-motions for summary judgment, Plaintiffs failed
14 to cite either *Semar* or *Belini* as mandating a result contrary to *Yamamoto*.  Plaintiffs' reliance on
15 these decisions now does not constitute "newly discovered evidence" or "an intervening change in
16 controlling law."  *See Sch. Dist. No. 1J*, 5 F.3d at 1263.  Neither is the Court convinced that these
17 decisions indicate that the Court committed "clear error" or that its prior decision was "manifestly
18 unjust."  *See id.*  Accordingly, Plaintiffs have failed to state a valid ground for reconsideration on
19 this issue.  *See id.*; *see also* Fed. R. Civ. P. 60(b).

20 **II.**    **Keeping funds in the escrow account**

21     Plaintiffs next contend the Court erred in denying their request to order that the tendered
22 amount be kept in the escrow account pending the Court's resolution of the upcoming motion for
23 attorney's fees and costs.  Plaintiffs appear to contend that the Court's prior order was manifestly
24 unjust because nothing is preventing Defendant from liquidating and depleting its company's
25 assets after the withdrawal of the tender amount, thereby leaving Plaintiffs without recovery once
26 the Court grants their motion for attorney's fees and costs.

27     Plaintiffs have not shown that they are entitled to reconsideration on this ground either.
28 Plaintiffs do not raise any "newly discovered evidence" or allege any "intervening change in

controlling law." *See Sch. Dist. No. 1J*, 5 F.3d at 1263. The Court is also not convinced that allowing Defendant to withdraw the tender amount from the escrow account was a "clear error" or will be "manifestly unjust" to Plaintiffs. *See id.* Rather, as Defendant points out, at this time, any potential offset by Plaintiffs against the tender amount is speculative because Defendant might also be entitled to attorney's fees or costs. Accordingly, Plaintiffs have failed to state a valid ground for reconsideration on this issue as well. *See id.*; *see also* Fed. R. Civ. P. 60(b).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

**Date: January 11, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**